## Ada A. Cope, Appellant, v. John L. Cope, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed October 11, 1917.

### Statement of the Case.

Bill for separate maintenance by Ada A. Cope, complainant, against John L. Cope, defendant. Issues were formed to be tried by a jury and there were findings by the jury which the court refused to set aside, but it entered a decree making independent findings partly contrary to those of the jury, and ordered the bill dismissed for want of equity, from which complainant appeals.

DE MANGE, GILLESPIE & DE MANGE, for appellant.

STERLING, LIVINGSTON & WHITMORE, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

1. JURY, § 9*—*when trial by is not matter of right.* A jury trial in a separate maintenance suit is not a matter of right.

2. EQUITY, § 379*—*when findings of jury are advisory only.* Where issues are submitted to a jury in a suit for separate maintenance, their verdict is advisory only, and it is still within the court's discretion either to follow the jury's findings or to make independent findings.

3. APPEAL AND ERROR, § 1395*—*when findings of chancellor not set aside.* On appeal, the findings of a chancellor who has seen the witnesses and heard the testimony should be accorded the same weight as the findings of a jury and not set aside unless contrary to the manifest weight of the evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. HUSBAND AND WIFE, § 217*—*when wife is not without fault in causing disruption of marital relation.* Where a wife's misconduct is such as to materially contribute to the disruption of the marital relation, she is not without fault within the meaning of the statute providing for separate maintenance (J. & A. ¶ 6159).

5. HUSBAND AND WIFE, § 217*—*when wife is not without fault in causing separation.* Where the misconduct of both parties has contributed to cause the separation, the wife is not without fault in the meaning of the separate maintenance statute (J. & A. ¶ 6159).

6. EQUITY, § 374*—*when refusal of requests to submit certain issues to jury is not error.* On a bill for separate maintenance where the issues are submitted to a jury, the refusal of a request to submit certain issues is not error.

7. EQUITY—*when propriety of rulings on instructions is immaterial.* On a bill for separate maintenance, where the issues are submitted to a jury, the question whether the rulings as to the giving or refusal of instructions were proper is immaterial.

8. APPEAL AND ERROR, § 1522*—*when inconsistency in jury's findings is not ground for reversal.* On a bill for separate maintenance, inconsistency in the jury's findings is not ground for reversal, where the court made independent findings.

9. HUSBAND AND WIFE, § 264*—*when evidence supports findings in suit for separate maintenance.* Evidence *held* sufficient to support the findings of the chancellor in a suit for separate maintenance.

*See *Illinois Notes Digest,* Vols. XI to XV, and *Cumulative Quarterly,* same topic and section number.